JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-06748-RGK (Ex) | Date | March 1, 2017 |
|---|---|---|---|
| Title | *Gibi LLC, et al v. Travelers Property Casualty Co. of America* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On August 4, 2016, Gibi LLC, et al ("Plaintiffs") filed a complaint against Travelers Property Casualty Company of America ("Defendant") alleging Breach of Covenant of Good Faith and Fair Dealing, Unreasonable Failure to Defend, and Breach of Contract. Plaintiffs served the complaint on Defendant on August 10, 2016.

On September 8, 2016, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Defendant's sole basis of removal is a telephone conversation with Plaintiffs' counsel, in which Plaintiffs' counsel allegedly stated that Plaintiffs' out of pocket costs in the underlying action were "around $75,000." This evidence does not constitute competent evidence. Furthermore, any calculation that includes possible punitive damages is based only on speculation. Therefore, the Court finds that Defendant has failed to satisfy its burden of showing that the requisite amount in controversy has been satisfied by a preponderance of the evidence.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-06748-RGK (Ex) | Date | March 1, 2017 |
|---|---|---|---|
| Title | *Gibi LLC, et al v. Travelers Property Casualty Co. of America* | | |

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

: 

Initials of Preparer